GREEN, J.,
delivered the opinion of the court. The deed from Samuel Watts to Littleton Watts cannot operate as a feoffment for the want of livery of seizin, which, is not found by the jury, and could not be presumed by the court if the jury had found facts from which they might have properly presumed it. They have not however found any such fact; not even that the grantee entered and was seized according to the conveyance; nor could they have properly found any fact, from which thejr could have inferred the fact of livery of seizin; since, according to the terms of the deed, taking it all together, the grantee was not authorized to enter until after the death of the grantor. So that Littleton Watts never had any seizin, actual or legal. Nor could the deed operate as a deed of bargain and sale, for the want of a valuable consideration. But it might operate as a covenant to stand seized for the use of the grantee after the death of the grantor; the consideration expressed being perfectly appropriate to the support of such a conveyance; unless, indeed, the conveyance is liable to some other fatal objection, as I think it is. *The laborious investigations imposed upon the court in Orndoff v. Turman, having taught me, that, at the time when this deed was made, our law in respect to estates tail and all their consequences, was the same as the english, except that an act of 1748 prohibited the docking of entails by fine or fines and recovery, as in England, and allowed them to be docked only by an act of assembly, or, in respect to estates of small value (of which this was probably one), by proceedings under a writ of ad quod damnum: that a conveyance in fee by tenant in tail, by covenant to stand seized to uses, with or without warranty, produced no discontinuance, but that it conveyed to the covenan-tee a base fee, which might be converted into a pure fee, by a fine and recovery in England, or writ of ad quod damnum or act of assembly here: and that if the tenant in tail, notwithstanding such a conveyance, continued seized, and, consequently, a good tenant to the praecipe (as he might be, if the covenant was, to stand seized to his own use for the life of another, and after the death of that other to the use of a third, in fee) and by any legal means docked the entails, with intent to vest the fee in himself or a stranger, the proceeding enured to the benefit of the first covenantee, and operated as a corroboration of the former conveyance, and made it indefeasible: and so, in respect to all charges and incumbrances imposed upon the estate by a tenant in tail. But if a tenant in tail covenant to stand seized to the use of himself for life, and afterwards of his heir apparent or a stranger in fee (which would be good in *466 the case of a fee simple owner, Pybus v. Mitford, 2 Lev. 77,) it would operate no change in his estate, and he would be seized as of his former estate, and the remainder consequently utterly void: and if he after-wards docked the estate tail, by any lawful means effectual to bar his issue and those in remainder or reversion, and thereby settled the estate in fee in himself or a third person, that would be good, and would prevail against his first deed, which would not be set up and corroborated by docking the entail, as in the former case; because in the first case the *deed is good and passes a base fee capable of being corroborated into a pure fee; and in the last, the deed is void, making no change in the estate, and incapable of being set up by the docking of the entail. This was the precise case, and so decided in Higham v. Bedingfield, Noy, 46, Cro. Eliz. 895, by the unanimous opinion of the court, and approved by Bacon in his law of uses, 111. See also Machell v. Clarke, 2 Ld. Raym. 779, 2 Salk. 619. The statute of 1776, converting this estate tail remaining in Samuel Watts to a fee simple, cannot have a greater effect, than docking such an estate in England, by fine and recovery, or here by a writ of ad quod damnum, would have had in favour of the covenantee Lit-tleton Watts, and those claiming under him.
There is another fatal objection to the right of the demandants to recover in this case. If-they claim as heirs, neither they nor their ancestor as whose heir they claim, have ever been seized in law or in fact of the premises in question; and without a seizin of the demandant or his ancestor in fact, by the actual possession and receipt of the esplees, by the cbmmou law, or a seizin in law, under our statutes, no writ of right can be maintained, even though some right may exist in the demandant. It is for this reason, that a writ of right cannot be maintained by a devisee, unless upon his own seizin; Co. Litt. 111, a. 240, b. 2 Scho. & Lef. 104, per Lord Redesdale in Saunders v. Ld. Annesley. If a right of entry is devisable under our statute of wills, as I think it is, though it is not in England (Goodright v. Forrester, 8 East, 552), the devisee can recover only in ejectment; and if the demandants claim as such, in a writ of right, they are not only incapable of maintaining the writ of right, but are barred of their ejectment by the statute of limitations.
The law being for the tenant on the special verdict, he may well wave the objection of infancy, and the failure to make up the issue: and the demandants have no interest in taking up the last of those objections, since they would gain ^'nothing by it. We may, therefore, properly end this controversy, without noticing those objections, by entering a final judgment on the special verdict for the tenant.
Judgment reversed, and judgment entered for the appellant.